## DARRACH and KENEDY v. LAWRENCE HIGGINS' EXECUTORS.

Court of Common Pleas. New Castle. December, 1796.

*Bayard's Notebook, 170.*

*Bayard,* for the defendants, under the plea of payment contended that the return made by the sheriff operated as a payment and discharged the defendant. In support of this proposition, he cited the fourth resolution in the case of *Clark and Withers,* Salk. 322, which he insisted was in point, and the same case in 2 Ld.Raym. 1072, and 1 Burr. 34, in which the principle of the case was approved by Lord Mansfield. He said the case was not varied by the return being levied on land, that land equally with goods was a fund for the payment of debts, and that when the return was general, levied upon any fund, the law presumed the fund was sufficient and that the levy was to the amount of the debt. That if the goods were insufficient, the sheriff should return to what amount he levied and where. The land was encumbered; the return should take notice that it was subject to prior encumbrances. That where the return was general, as in the present case, the sheriff was answerable for the whole amount, and the defendant of consequence discharged.

*John Read* and *Vandyke* for plaintiffs, *contra*. They said that it was well known that Straham, the sheriff who made the return, was insolvent and that no evidence of actual payment was offered, the defendants relying solely upon a technical payment. They observed that the case of *Clark and Withers* went on the principle that the levy was to the amount, but that in this case as part of the return was levied on land, it could not be intended to the amount. That the execution did not operate on land as on goods, devesting the property out of defendant and vesting it in the sheriff, and that the sheriff could not sell the land on the *fieri facias*. They cited 3 Com.Dig. 300.

PER CURIAM. The plea relied on is payment. The evidence to support the plea is the sheriff's return to the execution on the original judgment levied on goods and land. If the return had been levied on goods generally there is no question but it would have discharged the debt. And we do not think that part of the return being levied on land alters the case. By the return it appears that the plaintiffs have taken in execution goods and land of the defendant to an amount sufficient to pay the debt. This is intended by the law on a general return. Though the sheriff cannot sell the land upon the *fieri facias*, yet the law gives full power to the plaintiff to satisfy his demand as well out of land as of goods. And shall a plaintiff, who has once appropriated of the defendant's property goods or land sufficient to pay his debt, be at liberty to abandon the fund once placed in his hands and again resort to his general right of action against the defendant? We conceive he cannot. The Court are therefore of opinion that the return shown to the execution upon the original judgment supports the plea of payment and that the plaintiffs are not entitled to recover upon this *scire facias*.

Jury gave a verdict for defendants.